UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAIM A. CHALLENGER,<br><br>      Plaintiff,<br><br>-against-<br><br>A.C.S.; D.H.S; O.M.H.; N.Y.P.D.; BROOKLYN D.A. OFFICE; BROOKLYN CRIMINAL COURT; BROOKLYN SUPREME COURT; LITTLE FLOWER FOSTER CARE; UNIFIED COURT SYSTEM OF NEW YORK; LEGAL AID SOCIETY OF BROOKLYN,<br><br>      Defendants. | 1:23-CV-5384 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Chaim A. Challenger filed this *pro se* action invoking the court's federal question jurisdiction, seeking damages and asserting claims of "ineffective counsel, excessive bail, denial of adequate medical attention, gender discrimination, race discrimination, [and] religious discrimination." (ECF 1, at 2.) He sues: (1) the New York City Administration for Children's Services (ACS); (2) the New York City Department of Homeless Services (DHS); (3) the New York City Police Department (NYPD); (4) the "Brooklyn D.A. Office," which the Court understands to be the Office of the District Attorney of Kings County; (5) the "Brooklyn Criminal Court," which the Court understands to be the New York Supreme Court, Kings County, Criminal Part; (6) the "Brooklyn Supreme Court," which the Court understands to be the New York Supreme Court, Kings County; (7) the Little Flower Foster Care Agency; (8) the New York State Unified Court System; and (9) the Legal Aid Society of Brooklyn. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law.

For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

With respect to claims brought under 42 U.S.C. § 1983 or state law, such claims may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purpose of Section 1391, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

This court, and every other federal district court within the State of New York, are proper venues for this action under Section 1391(b)(1) because all of the defendants appear to reside within the State of New York and at least one of the defendants (the New York State Unified Court System) resides in each of federal judicial districts within the State of New York. Because Plaintiff alleges that a significant portion of the events giving rise to his claims occurred in Brooklyn, Kings County, New York, and as Kings County lies within the Eastern District of New

York,[1] the United States District Court for the Eastern District of New York is clearly also a proper venue for this action under Section 1391(b)(2).[2]

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the United States District Court for the Eastern District of New York appears to be appropriate for this action. The vast majority of the underlying events

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (3) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. 28 U.S.C. § 112(c).

[2] Plaintiff also alleges that some of the events that are the bases for his claims occurred in New Jersey. Thus, it is possible that the United States District Court for the District of New Jersey may be a proper venue for at least some of his claims. *See* 28 U.S.C. §§ 110, 1391(b)(2). Because Plaintiff names no defendants alleged to be located in New Jersey, however, the Court will not consider such claims without more information.

allegedly occurred, and all of the defendants appear to be located, in Kings County, in the Eastern District of New York, and it is reasonable to expect that relevant documents and witnesses would also be located there. Thus, the United States District Court for the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. *See* 28 § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 24, 2023
       New York, New York

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    Chief United States District Judge